UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21024-ALTMAN

**ALFREDO TRIGO FUENTES**,

   *Petitioner*,

v.

**UNITED STATES OF AMERICA**,

   *Respondent.*
_____/

## ORDER TO AMEND

Our Petitioner, Alfredo Trigo Fuentes, wants us to issue "an order of stay" while his citizenship application is adjudicated. Petition [ECF No. 1] at 1. As we understand the Petition, Fuentes believes that he is entitled to American citizenship because his father was "born in the United States of America[.]" *Ibid.*; *see also id.* at 2 ("Under Children Citizen Act CCA, Laws 230, 320, 323, INS, I'm eligible to my citizen status in behalf of my father." (errors in original)). Fuentes has attached a copy of his pending citizenship application, *see id.* at 14–28, and asks that we stay any removal proceedings against him until his application is processed, *see id.* at 3 ("Petitioner provided some documentation to this Honorable Court showing that [it] is just right to make an order to stay in order to process all the documentation to be an eligible United States citizen . . . and prevent any deportation.").

Fuentes has not paid the filing fee and has instead elected to proceed *in forma pauperis* ("IFP"). *See* IFP Motion [ECF No. 5]. A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).[1] After careful review, we cannot allow Fuentes's case to proceed for two reasons: *one*, because his cause of action doesn't appear to be ripe; and *two*, because his IFP Motion is legally deficient. But, since Fuentes *might* be able to correct these defects, we'll give him an opportunity to file an amended petition and an amended IFP motion.

*First*, Fuentes's fear of removal appears to be premature, so we aren't sure if we can exercise our subject-matter jurisdiction over his case under Article III of the U.S. Constitution. Since federal courts may "consider only 'cases' and 'controversies[,]'" we must *both* assure ourselves that "an actual 'case or controversy'" exists *and* determine "whether it is appropriate for [the] case to be litigated in a federal court by these parties at this time." *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1338–39 (11th Cir. 2005). This concept—known as "ripeness"—requires us to consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding judicial review." *Harrell v. The Fla. Bar*, 608 F.3d 1241, 1258 (11th Cir. 2010). Where, as here, a litigant is "challenging a governmental act, the issues are ripe for judicial review if 'a plaintiff shows he has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act.'" *Nat'l Advert. Co.*, 402 F.3d at 1339 (cleaned up) (quoting *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 760 (11th Cir. 1991)); *see also United States v. Rivera*, 613 F.3d 1046, 1050 (11th Cir. 2010) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998))).

---

[1] Because Fuentes is currently incarcerated, we must also screen his Petition under 28 U.S.C. § 1915A—even if Fuentes had paid the filing fee upfront. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.").

Fuentes hasn't shown that his case is ripe. Although Fuentes says that a stay is necessary to "prevent any deportation" while his citizenship application is pending, Petition at 3, he never tells us that his removal proceedings have begun—and, indeed, Fuentes isn't even in the custody of immigration officials. Without allegations that the United States has taken active steps to remove him, Fuentes cannot seek relief based on events that "may not occur as anticipated, or indeed may not occur at all." *Rivera*, 613 F.3d at 1050; *see also, e.g.*, *Massignani v. Immigr. & Naturalization Serv.*, 438 F.2d 1276, 1277–78 (7th Cir. 1971) ("When deportation proceedings are commenced, plaintiff will have another opportunity to present her application for permanent residence. . . . Plaintiff complains that she is powerless to convene the deportation proceedings so that the merits of the case may be considered[.] But if none are initiated she received the 'stay' of such proceedings which was the prayer of her motion for preliminary injunction[.]"); *Arrechavaleta v. Stine*, 2012 WL 6626092, at *1 (S.D. Ga. July 23, 2012) (Graham, Mag. J.) ("Arrechavaleta seeks an order that the United States Immigration and Customs Enforcement ('ICE') does not have jurisdiction to file a detainer against him and that he is entitled to naturalization. . . . There is no evidence before the Court that ICE has issued a detainer against Arrechavaleta. Without evidence that Arrechavaleta faces the harm he alleges, this Court lacks jurisdiction to entertain his claims, as his claims do not appear to be ripe for judicial review."), *report and recommendation adopted*, 2012 WL 6626044 (S.D. Ga. Dec. 19, 2012) (Wood, C.J.). We therefore conclude, based on the allegations in the Petition, that Fuentes's request to stay non-existent removal proceedings isn't ripe.

*Second*, Fuentes's IFP Motion isn't legally sufficient. Prisoners "seeking to bring a civil action . . . without prepayment of fees or security therefor" are responsible for filing an affidavit "that includes a statement of all assets such prisoner possesses" and "a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . from the appropriate official of each prison at which the prisoner is or was

confined." 28 U.S.C. § 1915(a)(1)–(2). Although Fuentes's affidavit and financial statement are sufficient, he's failed to include "a certified copy of [her] trust found account statement" for the last six months of his incarceration. *See generally* IFP Motion. If Fuentes wants to proceed, he must file a new IFP motion and attach a copy of his six-month prison account statement.

*   *   *

The Eleventh Circuit has held that a *pro se* litigant "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)). The primary exception to this rule arises where "such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Although we have grave concerns about the ripeness of Fuentes's request, we cannot say at this stage that further amendment would be *futile*. After all, Fuentes may be able to plead facts showing that he faces a grave and imminent threat of removal absent a stay. Accordingly, we will grant Fuentes leave to file an amended petition by **April 16, 2025**. Fuentes must also file an amended IFP motion with a copy of his six-month prison account statement by **April 16, 2025**. If Fuentes does not (or cannot) file his amended petition and amended IFP motion on time, we will dismiss this case without prejudice and without further notice under FED. R. CIV. P. 41(b).

After careful review, therefore, we hereby **ORDER AND ADJUDGE** as follows:

1. The Petitioner's Complaint [ECF No. 1] is **DISMISSED without prejudice**. The Petitioner is **GRANTED** leave to file an amended petition by **April 16, 2025**.

2. The Petitioner's IFP Motion [ECF No. 5] is **DENIED without prejudice**. The Petitioner shall file an amended IFP motion with a copy of his six-month prisoner account statement by **April 16, 2025**.

3.  The Petitioner's failure to file the amended complaint or to file a legally sufficient IFP motion (or both) on time and in compliance with this Court's Order shall result in dismissal of this case for failure to prosecute and for failure to comply with court orders. *See* FED. R. CIV. P. 41(b).

**DONE AND ORDERED** in the Southern District of Florida on March 25, 2025.

                            **ROY K. ALTMAN**
                            **UNITED STATES DISTRICT JUDGE**

cc:   Alfredo Trigo Fuentes, *pro se*